UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WARD a/k/a KENNETH WATSON,

                Petitioner,

v.

STATE OF MICHIGAN,

                Respondent.
                                          /

Case Number: 05-73819

HONORABLE ARTHUR J. TARNOW

## ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner Michael Ward, who is currently serving a term of parole, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, this Court determines that this is a successive habeas corpus petition and, as such, orders it transferred to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

---

[1] 28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

Ward v. Michigan, No. 05-73819

In the pending petition, Petitioner challenges his 1981 conviction in Washtenaw County Circuit Court for possession with intent to deliver over 650 grams of cocaine. The Court determines that the petition must be transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), because it is a successive habeas corpus petition.

Section 2244(b)(3)(A) provides, in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

Petitioner previously filed two habeas corpus petitions challenging the conviction challenged in the pending petition. The first petition, as originally filed, challenged Petitioner's 1971 convictions for possession of LSD and marijuana. But, Petitioner's sentences for the 1971 convictions already had expired at the time he filed the petition. Petitioner, therefore, amended his petition and asked the Court to construe his habeas petition as challenging his 1981 conviction for possession of over 650 grams of cocaine, pursuant to which he was then in custody. Petitioner argued that he was improperly being denied parole from the 1981 conviction in part because of the 1971 convictions. This Court held that Petitioner was denied counsel on his direct appeal from the 1971 convictions and granted habeas corpus relief, requiring that Petitioner's 1971 convictions

2

Ward v. Michigan, No. 05-73819

be expunged from his records. See Ward v. Wolfenbarger, 340 F. Supp. 2d 773 (2004).[2]

Petitioner filed a second habeas corpus petition in this court in 2004, challenging his 1981 conviction. Because Petitioner's first habeas petition challenged his 1971 convictions only as they related to his remaining in custody on the 1981 conviction, the district court held that the second habeas petition was a successive collateral challenge to his 1981 conviction for which he had not obtained authorization from the Court of Appeals for the Sixth Circuit, and transferred the petition to the Court of Appeals. See Ward v. Wolfenbarger, No. 04-CV-73725, "Order Transferring Case to the Court of Appeals Under 28 U.S.C. § 2244(b)(3)(A)," (E.D. Mich. Apr. 12, 2005) (Cohn, J.), *citing* Zavesky v. Miller, 79 F.3d 554, 556 (7th Cir. 1996).

The current petition challenges the same conviction challenged in the first and second habeas petitions. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

---

[2] This Court originally granted a conditional writ of habeas corpus, which would issue if the state court did not permit Petitioner to immediately reinstate his appeal of right and appoint him counsel. See Ward v. Wolfenbarger, 323 F. Supp. 2d 818 (E.D. Mich. 2004). On reconsideration, the Court converted the conditional writ of habeas corpus into an unconditional writ, ordering the 1971 convictions expunged.

3

Ward v. Michigan, No. 05-73819

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be

**TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  October 27, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary