## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHAEL WARD a/k/a KENNETH
WATSON,

                    Petitioner,

v.

STATE OF MICHIGAN,

                    Respondent.

Case Number: 05-CV-73819

HON. ARTHUR J. TARNOW

_____/

### OPINION AND ORDER DENYING PETITIONER'S "MOTION FOR RECONSIDERATION," "REQUEST FOR RECALL FROM COURT OF APPEALS, MOTION TO WITHDRAW 2254 PETITION 05-CV-73819 AND PERMIT NEW OR AMENDED 2254 PETITION" AND "APPLICATION FOR APPOINTMENT OF COUNSEL"

Petitioner Michael Ward filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 27, 2005, the Court issued an Opinion and Order Transferring Successive Petition for Writ of Habeas Corpus to United States Court of Appeals for the Sixth Circuit (Transfer Order). Now before the Court is Petitioner's "Motion for Reconsideration," "Request for Recall from Court of Appeals, Motion to Withdraw 2254 Petition 05-CV-73819 and Permit New or Amended 2254 Petition," and "Application for Appointment of Counsel."

In its Transfer Order, the Court held that Petitioner previously filed two habeas corpus petitions challenging the same conviction challenged in this petition, his 1981 conviction for possession of over 650 grams of cocaine, rendered in Washtenaw County

Ward v. Michigan, No. 05-CV-73819

Circuit Court.  The Court transferred the petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A), and In re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has filed a Motion for Reconsideration of the Transfer Order.  The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different a disposition of the case."  L.R. 7.1(g)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain.  Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997), citing Webster's New World Dictionary 974 (3rd Ed. 1988).  Further, the Local Rules also provide that any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication," shall not be granted.  L.R. 7.1(g)(3).

Petitioner's argument for reconsideration is twofold.  First, Petitioner argues that he has not previously filed a habeas petition challenging his 1981 conviction, and that the Court erred in finding that his first habeas petition challenged the 1981 conviction.  In 2003, Petitioner filed a habeas petition, which was assigned to the undersigned district judge.   As originally filed, that habeas petition challenged his 1971 convictions for possession of LSD and marijuana.  Petitioner's sentences for the 1971 convictions already had expired at the time he filed the petition.  Petitioner, therefore, amended his petition and asked the Court to construe his habeas petition as challenging his 1981 conviction for

2

Ward v. Michigan, No. 05-CV-73819

possession of over 650 grams of cocaine, pursuant to which he was then in custody.

Petitioner argued that he was improperly being denied parole from the 1981 conviction in

part because of the 1971 convictions.  This Court held that Petitioner was denied counsel

on his direct appeal from the 1971 convictions and granted habeas corpus relief, requiring

that Petitioner's 1971 convictions be expunged from his records.  *See* Ward v.

Wolfenbarger, 340 F. Supp. 2d 773 (2004).  While the Court held that the 1971

conviction was unconstitutionally rendered, the Court was able to exercise subject matter

jurisdiction over that petition only because Petitioner challenged his 1981 sentence as

improperly enhanced by the earlier, expired conviction.  Thus, although the current

petition raises different claims than those raised in the earlier petition, the Court holds

that its finding that the current petition is successive to the earlier-filed petition was not

based upon a palpable defect.

Petitioner filed another habeas petition in 2004, challenging his 1981 conviction.

Because Petitioner's first habeas petition challenged his 1971 convictions only as they

related to his remaining in custody on the 1981 conviction, the district court held that the

second habeas petition was a successive collateral challenge to his 1981 conviction for

which he had not obtained authorization from the Court of Appeals for the Sixth Circuit,

and transferred the petition to the Court of Appeals. *See* Ward v. Wolfenbarger, No. 04-

CV-73725, "Order Transferring Case to the Court of Appeals Under 28 U.S.C. §

2244(b)(3)(A)," (E.D. Mich. Apr. 12, 2005) (Cohn, J.).  Thus, even if the current petition

Ward v. Michigan, No. 05-CV-73819

were not considered successive to the 2003 habeas petition, it would be successive to the 2004 petition and, therefore, transfer to the Sixth Circuit Court of Appeals mandated.

Second, in support of his Motion for Reconsideration, Petitioner also argues that his habeas petition challenged the Washtenaw County Circuit Court's failure to adjudicate his motion for relief from judgment, and, therefore, was not successive to his earlier filed petitions. The original petition and the amended petition attached to Petitioner's Motion both ask this Court to vacate his Washtenaw County conviction and sentence. Therefore, the current petition clearly challenges that conviction and is successive to the earlier filed petitions. Moreover, to the extent that Petitioner seeks only to have this court order the Washtenaw County Circuit Court to rule upon his motion for relief from judgment, the Court is unable to afford such a remedy. Federal courts lack jurisdiction to direct a state court to rule upon a motion. *See* Haggard v. Tenn., 421 F.2d 1384, 1386 (6th Cir. 1970) (holding "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); Syka v. Corrigan, 46 Fed. Appx. 260, 261 (6th Cir. 2002) (federal court lacks authority to compel Michigan courts to rule on merits of petitioner's motion for reconsideration); Woods v. Weaver, 13 Fed. Appx. 304, 306 (6th Cir. 2001) (federal court has no authority to issue writ of mandamus directing Michigan courts to rule on merits of petitioner's post-conviction motion); White v. Ward, 145 F.3d 1139, 1140 (10th Cir. 1998) (federal district court did not have jurisdiction to direct a state court to rule on pending

4

Ward v. Michigan, No. 05-CV-73819

state habeas matter).

Petitioner also has filed a "Request for Recall from Court of Appeals, Motion to Withdraw 2254 Petition 05-CV-73819 and Permit New or Amended 2254 Petition." This "Request" asserts essentially the same arguments set forth in Petitioner's Motion for Reconsideration and shall be denied for the same reasons.

Finally, Petitioner has filed an Application for Appointment of Counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). The Court determines that the interests of justice do not require appointment of counsel.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Reconsideration," "Request for Recall from Court of Appeals, Motion to Withdraw 2254 Petition 05-CV-

Ward v. Michigan, No. 05-CV-73819

73819 and Permit New or Amended 2254 Petition," and "Application for Appointment of

Counsel" are **DENIED**.

s/Arthur J. Tarnow

Arthur J. Tarnow
United States District Judge

Dated:  November 29, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 29, 2005, by electronic and/or ordinary mail.

s/Catherine A. Pickles

Judicial Secretary

6